# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| CORTEZ JIMEL ARBERY, | |
| Petitioner, | CIVIL ACTION NO.: 2:15-cv-136 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:13-cr-9) |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Cortez Arbery ("Arbery"), who is currently housed at the Federal Correctional Institution in Marianna, Florida, has filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government filed a Response, (doc. 6), and Cortez filed a Reply, (doc. 7). For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Arbery's Motion, **CLOSE** this case, and **DENY** Arbery *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Arbery was convicted in this Court, on April 15, 2014, after entering a guilty plea, of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Honorable Lisa Godbey Wood sentenced Arbery to 61 months' imprisonment. J., United States v. Arbery, 2:13-cr-9 (S.D. Ga. April 15, 2014), ECF No. 49. Arbery filed a direct appeal, arguing that the trial court erred in denying his motion to suppress. The Eleventh Circuit Court of Appeals affirmed this Court's disposition of Arbery's motion to suppress. United States v.

Arbery, 591 F. App'x 749 (11th Cir. 2014). Arbery filed his timely Section 2255 Motion on September 14, 2015. (Doc. 1.)

## DISCUSSION

In his Motion, Arbery asserts Michael Chad Taylor, his appointed counsel, rendered ineffective assistance. Specifically, Arbery contends Mr. Taylor failed to object to Arbery's criminal history calculation, which resulted in an increased sentence. (Doc. 1, p. 4.) Arbery also contends Mr. Taylor failed to argue specific points during the suppression hearing resulting in the denial of Arbery's motion. (Id. at p. 6.)

The Government responds that the collateral attack waiver contained in Arbery's plea agreement bars his claims. In the alternative, the Government states that Arbery's claims are without merit. (Doc. 6, p. 4.)

**I. Whether the Collateral Waiver Agreement in Arbery's Plea Agreement Bars his Claims**

The Government maintains Arbery agreed to a complete waiver of his collateral attack rights as part of his plea agreement. (Doc. 6, p. 5.) The Government asserts there were no exceptions to the collateral review waiver, and Arbery "manifested his understanding of the waiver[ ]" by signing his plea agreement. (Id.) Additionally, the Government avers the Court questioned Arbery about the waiver during his change of plea hearing, and Arbery declared that he understood the waiver. Further, the Court instructed Arbery regarding the limited ways in which he could challenge his criminal proceedings, even after entry of his guilty plea, but none of those ways including the ability to file a Section 2255 motion. (Id.)

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and his plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). It is

well-settled that a waiver of appeal[1] provision contained in a plea agreement is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "'To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). "Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." Brown v. United States, 256 F. App'x 258, 261–62 (11th Cir. 2007).

Arbery and his attorney, Mr. Taylor, were able to negotiate a plea agreement with the Government whereby Arbery agreed to plead guilty to Count 1 of the Indictment. A "Limited Waiver of Appeal" provision was included as part of the plea agreement. That provision set forth:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a §2255 proceeding, on any ground, except: (1) as set forth in paragraph 1(b) above [relating to Arbery's reservation of right to contest on appeal the adverse determination of his motion to suppress]; and (2) the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and (3) the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not

---

[1] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365–67 (N.D. Ga. 2004).

3

> limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Plea Agreement, United States v. Arbery, 2:13-cr-9 (S.D. Ga. Sept. 4, 2013), ECF No. 60, p. 5.

Arbery appeared before Chief Judge Wood for his change of plea, or Rule 11, proceeding. Chief Judge Wood addressed Arbery and informed him the purpose of the hearing was to ensure that he understood the case that was pending against him, that he understood all of the rights he was waiving or giving up by pleading guilty, and that there was a factual basis for the guilty plea. Change of Plea Hr'g Tr., United States v. Arbery, 2:13-cr-9 (S.D. Ga. Dec. 10, 2015), ECF No. 80, p. 2. Chief Judge Wood inquired whether anyone had forced Arbery to offer to plead guilty, and he said no one had done so and that pleading guilty was what he wanted to do. Id. at p. 3. Chief Judge Wood told Arbery that he did not have to plead guilty, and if he chose to persist in his not guilty plea, he would have the right to: a public and speedy trial by jury; a presumption of innocence during that trial; the assistance of trial counsel; see, hear, confront, and cross-examine the Government's witnesses and evidence; call witnesses on his behalf; and testify himself or to remain silent. Id. at pp. 7–8. However, Chief Judge Wood cautioned Arbery he would be waiving these rights if he pled guilty and she accepted that guilty plea. Id. at p. 8. Arbery stated he understood and did not have any questions. Arbery also stated he and Mr. Taylor reviewed the Indictment together and that he had had the opportunity to talk to Mr. Taylor about the facts of his case, as well as about the proposed plea agreement. Id. at pp. 8–9. Arbery stated Mr. Taylor had generally spoken to him about the advisory Sentencing Guidelines and that he was satisfied with Mr. Taylor's representation. Id. at p. 9. Chief Judge Wood reviewed the counts of the Indictment with Arbery and the essential elements of the crimes for which he was charged and that the Government would have to prove. Id. at pp. 9–11. Chief Judge Wood advised Arbery of the maximum sentence she could impose. Id. at pp. 11–14.

Additionally, Chief Judge Wood asked the Assistant United States Attorney ("AUSA") to summarize the provisions of the plea agreement. AUSA Carlton Bourne stated:

> The Government agrees to recommend a three-level reduction for acceptance of responsibility provided the Defendant truthfully admits the conduct comprising the offense, and has fully complied with all conditions, and does not violate any criminal laws subsequent to his initial appearance in this matter. The Government consents to the entry of the Defendant's plea pursuant to Federal Rule of Criminal Procedure 11(a)(2). The Defendant reserves the right to contest upon appeal the adverse determination of his motion to suppress which challenges the lawfulness of the stop and frisk which occurred on January the 10th of this year. Should the Defendant prevail on appeal, he shall be allowed to withdraw his plea of guilty. The Government agrees to consider whether the Defendant's cooperation with the Government qualifies as substantial assistance and warrants the filing of a motion for downward departure below any applicable guideline range or mandatory minimum sentence or a motion to reduce sentence.
>
> Finally, the Government agrees to dismiss Count Two [of the Indictment]. The Defendant agrees to plead guilty to Count One [of the Indictment], to acknowledge at the time of the plea the truth of the factual basis contained in the plea, [and] pay any assessments imposed by the Court at sentencing.

Id. at pp. 15–16. Chief Judge Wood asked Arbery if AUSA Bourne's summarization of the plea agreement was consistent with the plea agreement he signed, and he stated it was. Id. at p. 16. Arbery also stated he read the plea agreement, and Mr. Taylor answered any questions he may have had before he signed the agreement. Chief Judge Wood then addressed Arbery:

> Mr. Arbery, I do want to emphasize something that Mr. Bourne pointed out. And that is that as a part of this plea agreement that you propose, there is contained within it a waiver of appeal. It states to the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255. There are limited exceptions to that waiver: Number one, if I were to sentence you above the statutory maximum, then you could appeal that directly; number two, if I were to sentence you above the advisory guidelines range as found by me, then you could appeal that; number three, if the Government were to file an appeal, you could appeal that.
>
> And also, by virtue of this plea agreement, if you perfect your ability to appeal the Magistrate Judge's determination on the motion to suppress, then you could appeal that issue.

> Other than those exceptions, by virtue of this agreement that you propose, you waive all other appellate rights. Do you understand that?

Id. at pp. 17–18. Arbery stated he understood this provision and had no questions.

Chief Judge Wood then asked Arbery whether he wished to still plead guilty to Count One of the Indictment because he was in fact guilty of that count, and he answered in the affirmative. Id. at p. 19. Chief Judge Wood also asked Arbery whether he understood the rights and privileges he was waiving if she accepted his plea, and he said he did. Chief Judge Wood determined Arbery participated in the Rule 11 proceedings "knowingly and with intelligence." Id. Further, Chief Judge Wood determined Arbery's plea was "knowing" and "voluntary". Id. at p. 20. Arbery agreed. The Government provided a factual basis for Arbery's plea of guilty. Id. at pp. 20–22. After hearing from Arbery again, during which time he agreed with the Government's basis, Chief Judge Wood accepted Arbery's plea and adjudged him guilty of Count One of the Indictment. Id. at p. 24.[2]

At the sentencing hearing, AUSA Jenna Solari remarked Arbery's Guideline range was 57 to 71 months' imprisonment. Sent. Hr'g Tr., United States v. Arbery, 2:13-cr-9 (S.D. Ga. Apr. 22, 2014), ECF No. 53, pp. 14–15. After hearing from Mr. Taylor, the AUSA, and Arbery and having reviewed the Pre-Sentence Investigation report and the sentencing factors of 18 U.S.C. § 3553, Chief Judge Wood sentenced Arbery to 61 months' imprisonment. Id. at p. 17. Chief Judge Wood remarked that she found no reason to depart from the sentence called for by the advisory Guideline range, and she "decline[d] to go at the high end" based on Mr. Taylor's arguments. Id. at p. 18. Additionally, Chief Judge Wood reminded Arbery of the waiver provision contained in his plea agreement during the sentencing hearing. Specifically, Chief

---

[2] Arbery lodged an objection to some of the factual bases of the Government's case, but, once Chief Judge Wood informed Arbery his objection went to his motion for suppression, he stated he did have a firearm. Change of Plea Hr'g Tr., United States v. Arbery, 2:13-cr-9 (S.D. Ga. Dec. 10, 2015), ECF No. 80, p. 24.

Judge Wood stated, "Also, pursuant to that plea agreement, with limited exceptions and one important reservation, the Defendant did waive all rights conferred by 18 USC § 3742 to appeal the sentence. However, Mr. Arbery, you did reserve the right to appeal denial of your Motion to Suppress." Id. at pp. 19–20.

The record clearly indicates that Arbery understood the implications of entering a guilty plea, as well as the meaning of the appeal waiver condition. In addition, Chief Judge Wood specifically questioned Arbery about this condition during the Rule 11 hearing and reminded him of this provision during sentencing. Mottola, 394 F. App'x at 568.

The appeal waiver bars Arbery's argument that Mr. Taylor failed to object to Arbery's criminal history calculation. The waiver contained exceptions that allowed Abrebry to file a direct appeal of his sentence if, the sentence exceeded the statutory maximum or if, by variance or upward departure, the sentence was higher than the advisory sentencing guideline range as found by the sentencing court. Plea Agreement, United States v. Arbery, 2:13-cr-9 (S.D. Ga. Apr. 29, 2014), ECF No. 61, p. 5. However, there was no exception for filing a Section 2255 Motion. Moreover, Arbery was not sentenced to a term of imprisonment higher than the advisory Guidelines range Chief Judge Wood found to be appropriate, nor was he sentenced above the statutory maximum sentence. Arbery's sentence of 61 months' imprisonment fell within the 57 to 71 months Guidelines' range, as found by Chief Judge Wood, and below the statutory minimum sentence of fifteen years.[3] See 18 U.S.C. § 924(e).

Arbery appealed this Court's denial of his motion to suppress and was unsuccessful on appeal. United States v. Arbery, 591 F. App'x 749 (11th Cir. 2014). The portion of his current

---

[3] If Arbery had three qualifying convictions, he would have faced a statutory minimum sentence of 15 years' imprisonment. Plea Agreement, United States v. Arbery, 2:13-cr-9 (S.D. Ga. Apr. 29, 2014), ECF No. 61, p. 1; 18 U.S.C. § 924(e). If Arbery did not have three qualifying convictions, he would have faced a statutory maximum sentence of 10 years' imprisonment. 18 U.S.C. § 924(a)(2). In any event, the sentence Chief Judge Wood imposed was well below either of these statutory mandates.

Motion attacking Mr. Taylor's performance as to the motion to suppress is nothing more than a restatement of his contentions made in this Court and on appeal on that issue.[4] While the appeal waiver in his plea agreement allowed Arbery to file a direct appeal challenging this Court's ruling on the suppression issue, it did not allow him to file a Section 2255 Motion advancing those same arguments.

For all of these reasons, the limited waiver provision in Arbery's plea agreement bar the claims he attempts to assert in through his Section 2255 Motion. Consequently, he is not entitled to his requested relief, and the Court should **DISMISS** Arbery's Motion.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Smith leave to appeal *in forma pauperis*. Though Arbery has, of course, not yet filed a notice of appeal, it would be appropriate to address this issue in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

---

[4] The Court recognizes there are situations in which an appeal waiver provision will not bar a Section 2255 movant's claims. However, Arbery's Motion does not present such an instance. See, e.g., Soto v. United States, 3:11-cv-1124-J-34MCR, 3:08-cr-204-J-34MCR, 2014 WL 2993800, at *3 (M.D. Fla. July 3, 2014) (a court must address the merits of a Section 2255 claim of ineffective assistance of counsel if it challenges the validity of a plea, even in light of a sentence appeal waiver provision contained in the plea agreement). In addition, even if the waiver appeal provision contained in his plea agreement did not bar his claims, Arbery's ineffective assistance of counsel claims are without merit based on this Court's and the Eleventh Circuit's findings as to Arbery's motion to suppress and for the reasons set forth in the Government's Response.

8

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Further, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when entering an order adverse to the applicant. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Arbery's Motion and the Government's Response and applying the Certificate of Appealability standards set forth above, there are no discernable

issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Arbery a Certificate of Appealability, Arbery is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Arbery's Motion, **CLOSE** this case, **DENY** Arbery *in forma pauperis* status on appeal, and **DENY** Arbery a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Arbery and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA